ORDERED SEALED BY COURT

ORIGINAL
FILED
08 JUN -4 AM 10: 22

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ) Magistrate Case No. **'08 MJ 1754**
                          )
            Plaintiff,    ) COMPLAINT FOR VIOLATION OF:
                          )
     v.                   )
                          ) Title 21, United States Code, Sections 846
BRIAN MARK SMITH (1),     ) and 841(a)(1) - Conspiracy to Distribute
     aka Dusty,           ) Methamphetamine; Title 18 United States
JUAN MANUEL VELARDE (2),  ) Code, Section 2 - Aiding and Abetting
     aka Manny,           )
                          )
            Defendants.   )
_____)

The undersigned complainant being duly sworn states:

Beginning at a date unknown and continuing up to and including July 6, 2006, within the Southern District of California, and elsewhere, defendants BRIAN MARK SMITH, aka Dusty, and JUAN MANUEL VELARDE, aka Manny, did knowingly and intentionally conspire with each other, and other persons known and unknown, to distribute 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21 United States Code, Sections 846 and 841(a)(1), and Title 18, United States Code, Section 2.

And the complainant states that this complaint is based on the attached affidavit, incorporated herein by reference.

_____
Signature of Complainant

Sworn to before me and subscribed in my presence this ___ day of June, 2008.

SEALED by Order of
Magistrate Judge Leo S. Papas
Date ____JUN 4 2008____

_____
HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

## A F F I D A V I T

ASIANO B. DAVILA, being duly sworn, states:

I am a Special Agent with the Federal Bureau of Investigation ("FBI"). The following is based on my own investigation, oral and written reports by other law enforcement officers, physical and electronic surveillance, interviews, subpoenaed and public records, database checks, searches, phone analysis, and other investigation. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to establish foundation for the complaint. Conversations below are set forth in substance unless noted, and most call descriptions are based on summaries prepared by monitors, not final transcripts. My interpretations of certain statements are set forth in brackets. Dates and times are approximate.

This complaint arises out of several methamphetamine deals involving a FBI confidential informant, who had ties to San Diego street gangs, and defendants Brian Mark "Dusty" Smith and Juan Manuel "Manny" Velarde. Smith is believed to be a member of the South Side Mob, a street gang from National City, California, and an associate of the Mexican Mafia prison gang, working under the authority of Mexican Mafia member Richard Buchanan – Buchanan is currently incarcerated in San Diego. Velarde is believed to be a member of the Logan Heights Red Steps street gang, and a Mexican Mafia associate.

On March 30, 2006, in several recorded calls between the confidential informant and defendant Smith, the informant agreed to buy a quarter pound methamphetamine deal for $2,500. Smith asked the informant to come to Smith's house so that the deal could be consummated. The informant was equipped with an audio recording device and surveilled by law enforcement officers traveling to Smith's residence in Bonita, California. The informant arrived at Smith's residence at approximately 5:15 p.m. Officers observed the informant enter Smith's house. At approximately 5:30 p.m., officers observed Smith and the informant leave the residence, enter the informant's vehicle, and drive towards the Paradise Hills section of San Diego. Officers were unable to maintain surveillance of the informant's vehicle to the location where the deal took place. As a result, officers met with the informant following the methamphetamine deal.

The informant informed officers that the informant and Smith went to a house at 5602 Calle Sal Si Puedes in San Diego, and met with an individual that the informant knew as "Manny" – the informant subsequently identified "Manny" as defendant Velarde. Upon arriving at the residence, the informant saw Velarde driving a vanilla-colored Ford Thunderbird. Shortly after the deal, the informant showed officers the route that the informant and Smith had taken to get to Velarde's residence. Officers observed a vanilla Thunderbird at the residence at that time. In addition, a records check confirmed that 5602 Calle Sal Si Puedes was Velarde's residence.

1

According to the informant, Velarde pulled into the garage of the residence at Calle Sal Si Puedes, and opened the trunk of the Thunderbird. The trunk of Velarde's vehicle contained three packages that appeared to be quarter-pound packages. Velarde offered the informant a quarter pound of methamphetamine for $2,400. The informant asked if the informant could get the drugs for $2,200. Smith told Velarde "not to worry about the difference." Velarde agreed to $2,200 for the drugs, and gave the informant one of the packages from the vehicle. The package contained approximately a quarter pound (4 ounces) of methamphetamine – subsequent analysis revealed that the methamphetamine sold to the informant by Smith and Velarde contained approximately **67.1 grams of methamphetamine (actual)**. Smith and the informant thereafter left and, while they were in the informant's vehicle, the informant gave Smith $300 for arranging the methamphetamine deal. The informant subsequently met with FBI agents and provided the agents with the methamphetamine that the informant bought from Velarde, along with the recording device.

On May 16, 2006, the informant again arranged for a methamphetamine deal with Velarde. The calls setting up the deal were monitored by agents. At approximately 5:51 p.m., law enforcement officers followed the informant to 5602 Calle Sal Si Puedes in order to conduct a controlled purchase of methamphetamine from Velarde. The meeting was audio recorded pursuant to a recording device carried by the informant, and portions of the surveillance of the deal were videotaped. At approximately 5:59 p.m., the informant arrived at 5602 Calle Sal Si Puedes. Velarde told the informant that Velarde had to pick up the methamphetamine himself. The informant gave Velarde $3200 for the drugs. The informant then followed Velarde to a parking lot in the area of Sweetwater Road and Interstate 805 in National City, California; both individuals used their own vehicles. Velarde was observed by officers meeting with an unidentified Hispanic female in a grey car. The informant thereafter followed Velarde to a residence at in San Diego where Velarde gave the informant a package of methamphetamine – subsequent analysis revealed that the methamphetamine sold to the informant by Velarde contained approximately **33.7 grams of methamphetamine (actual)**.

On July 6, 2006, the informant was able to arrange for another methamphetamine deal with Velarde at the 5602 Calle Sal Si Puedes location. The transaction was conducted by an undercover agent and the informant. The transaction was the subject of surveillance and the undercover agent was wearing a recording device. The undercover was able to buy 2 ounces of methamphetamine (with approximately **28.5 grams of methamphetamine actual**) from Velarde – the deal was initially for a 1/4 pound of methamphetamine, but Velarde only had 2 ounces on hand. During the transaction, Velarde informed the undercover agent that the undercover agent, as a drug dealer operating in San Diego, would need to pay $100 per drug deal in "taxes" for protection from the Mexican Mafia prison gang. Velarde further stated that he would collect the "taxes" from the individual on behalf of the Mexican Mafia.

2

SEALING REQUEST: Because this is an ongoing investigation and premature disclosure of the investigation and this affidavit could endanger agents and officers, cause suspects to flee, and cause the destruction of evidence, I request that this affidavit, all arrest warrants, the complaint, and all other associated court records be sealed until further court order.

_____
Asiano B. Davila, Special Agent
Federal Bureau of Investigation


SUBSCRIBED and SWORN to before me on June 4, 2008.

_____
HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE


SEALED by Order of
Magistrate Judge Leo S. Papas
Date  JUN 4 2008

3